UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BENTON, | No. 2:15-cv-0772 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| EL DORADO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is an El Dorado County Jail detainee proceeding pro se and in forma pauperis with this civil rights action against sole defendant El Dorado County Deputy Sheriff Clingman. By order filed March 13, 2019, the court found that plaintiff's Second Amended Complaint states a cognizable Eighth Amendment failure-to-protect claim against Clingman. ECF No. 35. Pending is the court's request to the El Dorado County Sheriff's Department that it provide plaintiff with the information necessary for the United States Marshal to serve process on defendant Clingman. ECF No. 43. Meanwhile, at plaintiff's request, the court issued an order that informed the El Dorado County Sheriff's Department that plaintiff's requests to use the jail's legal library, services and materials are valid and necessary to pursue this case. ECF No. 39.

Plaintiff now requests further assistance from this court in obtaining additional library access and legal supplies, and information concerning facts and witnesses pertinent to this case.

1

ECF No. 44.  Plaintiff's request will be denied as premature for the following reasons.

Once defendant has been served process and appeared in this action, the court will issue a Discovery and Scheduling Order that sets forth the procedures and deadlines for plaintiff to obtain discovery from defendant and pertinent witnesses.  Until that time, plaintiff has no grounds for demanding information from the Sheriff's Department or subpoenaing witnesses.  Plaintiff may, however, during this period request that his own witnesses prepare affidavits under penalty of perjury that can later be used to support or oppose a motion for summary judgment and/or at trial.  Should this case proceed to trial, plaintiff will then be provided the opportunity to subpoena witnesses and documents.

Plaintiff's requests for additional library access and supplies must be construed within the framework of his First Amendment right to access the courts.  Correctional facilities "must provide inmates with access to an adequate law library or, in the alternative, with adequate assistance from persons trained in the law." Lindquist v. Idaho State Bd. of Corr., 776 F.2d 851, 855 (9th Cir. 1985) (citing Bounds v. Smith, 430 U.S. 817, 826-28 (1977)).  An adequate law library is one that meets minimum constitutional standards by providing "inmates with sufficient access to legal research materials to prepare pro se pleadings, appeals, and other legal documents." Lindquist, 776 F.2d at 856.  In addition, correctional facilities "are required to provide a reasonable supply of paper and envelopes for the indigent inmates so as to permit them access to the courts." Morgan v. Nevada Bd. of State Prison Comm'rs, 593 F. Supp. 621, 624 (D. Nev. 1984).  However, "[a] right of access claim other than one alleging inadequate law libraries or alternative sources of legal knowledge must be based on an actual injury." Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991) (citation omitted).  A prisoner asserting such denial of access to the courts must demonstrate a resulting "actual injury" – "that is 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis v. Casey, 518 U.S. 343, 348 (1996).  Plaintiff's current allegations do not meet this standard.

////

////

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's request filed May 17, 2019, ECF No. 44, is denied without prejudice.

DATED: May 22, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE